Docket # 2:09-CV-04546-KSH

12-16-10

Dear Hon. Katharine S. Hayden, (U.S.D.J.)

Please find enclosed a copy of my Reply brief to N.J. Superior court...
Along with a copy of the state witness Jose martinez, Record of his criminal History.

*Also I will be sending you a copy of the state witness Jose martinez illegal memorand-um of understanding of fabricated purchased Testimony by the state Prosecutor office in camden which is Known to be corrupt. I'll send the copy as soon as I get it copied... Please file the above stuff. Thank you.

Sincerely,
Dano T. Tolley

**KEVIN G. BYRNES**
*Law Offices*
**P.O. BOX 756**
Lambertville, New jersey, 08530
(609) 921-0996

ADMITTED TO:
NEW JERSEY BAR
CALIFORNIA BAR

January 28, 2002

Peter A. Garcia, Esq.
Acting Public Defender
Attorney for Defendant-Appellant
31 Clinton Street
Newark, New Jersey 07102

Kevin G. Byrnes, Esq.
Designated Counsel

| | |
|---|---|
| STATE OF NEW JERSEY | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff-Respondent | APPELLATE DIVISION |
| | DOCKET NO. A-4725-99T4 |
| v. | <u>Criminal Action</u> |
| DANA T. TOKLEY | |
| Defendant-Appellant | On Appeal from Judgment of Conviction in the Superior Court, Law Division, Camden County |
| | Sat Below: Hon. Linda Rosenzweig, J.S.C.,  and a jury |

**REPLY LETTER BRIEF
ON BEHALF OF DEFENDANT-APPELLANT**

Honorable Judges:

Please accept this letter brief in lieu of a formal brief in the above-

captioned matter.

## TABLE OF CONTENTS

PROCEDURAL HISTORY ....................................................................1

STATEMENT OF TRIAL FACTS ........................................................1

LEGAL ARGUMENT

    POINT I

        EVIDENCE THAT THE DEFENDANT COMMITTED THE
        OTHER CRIME OF MURDER WAS EXTRAORDINARILY
        PREJUDICIAL AND SHOULD NOT HAVE BEEN
        CONSIDERED BY THE JURY DECIDING WHETHER THE
        DEFENDANT COMMITTED THE VIOLENT CRIME OF
        ARMED ROBBERY .......................................................................2

    POINT II

        THE ADMISSION OF YET ADDITIONAL OTHER-CRIME
        EVIDENCE CONNECTING THE DEFENDANT TO A DRUG
        DISTRIBUTION RING WAS ERRONEOUS AND HIGHLY
        PREJUDICIAL ...............................................................................6

    POINT III

        THE TRIAL COURT'S INSTRUCTIONS ON ROBBERY,
        ACCOMPLICE LIABILITY, AND ACCOMPLICE/WITNESS
        TESTIMONY WERE DEFICIENT, INCOMPLETE,
        ERRONEOUS, AND PREJUDICIAL ............................................9

POINT IV

THE STATE'S SOLE RELIANCE UPON THE TESTIMONY
OF A CRIMINAL WHOSE SENTENCE WAS REDUCED
FROM LIFE TO EIGHT YEARS AS BARTER FOR HIS
TESTIMONY VIOLATED THE DEFENDANT'S RIGHT TO
DUE PROCESS ........................................................................13


CONCLUSION.....................................................................................14

## PROCEDURAL HISTORY

The defendant adopts by incorporation the procedural history in his appellate brief.

## STATEMENT OF TRIAL FACTS

The defendant adopts by incorporation the statement of facts in his appellate brief.  The defendant notes an error in the State's brief in which it indicates that "defendant admitted that he, Rosario, and a third individual were in a bar on April 1st, 1997, and discussed killing defendant." (sb 12-13).  Obviously, the State had intended to say that Martinez admitted that he, Rosario, and a third individual were in a bar on April 1st, 1997, and discussed killing defendant.

1

## POINT I

EVIDENCE THAT THE DEFENDANT COMMITTED THE OTHER CRIME OF
MURDER WAS EXTRAORDINARILY PREJUDICIAL AND SHOULD NOT HAVE
BEEN CONSIDERED BY THE JURY DECIDING WHETHER THE DEFENDANT
COMMITTED THE VIOLENT CRIME OF ARMED ROBBERY

The State elicited extraordinarily prejudicial

evidence from its own witness that the defendant had

murdered Elliot Rosario. (3T 90-18 to 91-6).[1]  The defendant

was not on trial for the murder of Elliot Rosario or anyone

else for that matter.  He was, however, on trial for the

violent crime of robbery while armed with a deadly weapon.

In its respondent's brief, the State claims that the

"testimony was not intentionally elicited." (sb 14).

Whether the State acted intentionally, recklessly, or

negligently does not in any way mitigate the prejudicial

effect of the other-crime evidence.  The State focused on

the *mens rea* of the prosecutor and did not address the

critical issue on appeal: the prejudicial effect on the

jury.

Interestingly, the State provided the Appellate

Division with not a single citation either in this

jurisdiction, the federal jurisdiction, or any state

---

[1] 1T designates proceedings on December 7, 1999 (Vol. 1).
 2T designates proceedings on December 7, 1999 Vol. II).
 3T designates proceedings on December 8, 1999.
 4T designates proceedings on December 9, 1999 (Vol I).
 5T designates proceedings on December 9, 1999 (Vol II).
 6T designates sentencing on April 3, 2000.

2

jurisdiction in this country in which a reviewing court affirmed a criminal conviction for a violent offense when part of the State's evidence was that the defendant committed an unrelated crime of murder.

Moreover, the State contends that Martinez's testimony that Dana Tokley "killed [Rosario] in front of my face" (3T 90-7 to 91-7) was not "other-crime evidence." (sb 10). Any evidence showing that the defendant at some other time committed a crime that is not contained in the indictment is other-crime evidence. Regardless of whether the evidence that Dana Tokley murdered Elliot Rosario is characterized as other-crime evidence, *res gestae* evidence, not other-crime evidence, or anything else, the fact remains that the prejudice was overwhelming.

The defendant was being tried for the very violent crime of robbery while armed with a gun. If a person is capable of disregarding the law and the norms to such an extent that he or she is a murderer, that person is clearly capable of disregarding laws prohibiting robberies. In fact, the jurors themselves might have felt an obligation to the community and to their children to deprive a murderer of his freedom regardless of how tenuous and suspect the State's evidence was on the robbery charge.

The State also contends that the trial court's admission of the murder evidence with an instruction was "a

3

proper exercise of the court's discretion and in no way obligated the defendant to undertake any particular action or defense strategy." (sb 11).   Seven pages later in its brief, however, the State indicates that "the court also recognized that Martinez's testimony was highly probative of his bias against and hostility toward defendant, thus affecting his credibility as a witness." (sb 18).   The trial court did precisely what the State claims that the court did not do: effectively devise defense strategy. Trial counsel, not the trial court, should be making decisions about whether to proffer evidence of bias and hostility toward a defendant when that same evidence will disclose that the defendant is a murderer.

The State also makes the remarkable claim that "the court's actions herein did not result in any injustice but indeed were done in order to prevent prejudice to defendant." (sb 19).   In other words, the State is contending that the trial court prevented prejudice to the defendant by admitting evidence in an armed robbery trial that the defendant committed murder.   Defendants can only hope that trial courts in other cases do not seek to prevent prejudice in any similar manner.

Finally, the prosecutor uses the plain error standard to assess whether the defendant is entitled to a new trial. The State claims that the admission of the evidence that

4

Dana Tokley murdered Elliot Rosario "was not capable of producing an unjust result." (sb 21). This is precisely the same standard that the court uses when there is no objection to evidence that is improperly admitted. *State v. Hock*, 54 *N.J.* 26 (1969); *State v. Conklin*, 54 *N.J.* 540 (1969); *R.* 2:10-2. In the case at bar, however, not only was there an objection, there was a mistrial motion. How the inclusion of a mistrial motion accompanying an objection raises the standard of review from reversible error to plain error requires some clarification. Since there was an objection, the proper standard of review is whether the State can prove beyond a reasonable doubt that the error did not affect the verdict. *Chapman v. California,* 386 *U.S.* 18 (1967). The State cannot meet this rigorous burden of proof.

The only evidence against Dana Tokley was the testimony of Jose Martinez, which was purchased by the State in exchange for a reduction of a life sentence to eight years. Under these circumstances, the State could not prove beyond a reasonable doubt that any error did not affect the outcome of the trial, let alone an error of this magnitude.

POINT II

THE ADMISSION OF YET ADDITIONAL OTHER-CRIME EVIDENCE
CONNECTING THE DEFENDANT TO A DRUG DISTRIBUTION RING WAS
ERRONEOUS AND HIGHLY PREJUDICIAL

The State contends that Martinez's testimony
connecting the defendant to a drug distribution ring was
not other-crime evidence because "it was not deliberately
elicited by the State nor was sought to be introduced to
establish defendant's disposition to commit a crime, citing
*N.J.R.E.* 404(b)." (sb 22). Again, the State focused its
argument on whether the other-crime evidence had been
"deliberately elicited" by the prosecutor. (sb 22). The
*mens rea* of the prosecutor does not determine the
boundaries of other-crime evidence nor its prejudicial
effect. Once other-crime evidence is admitted and the
trial court instructs the jurors that they may base their
findings on the evidence and the reasonable inferences that
may be drawn from the evidence, a jury may reasonably infer
a criminal disposition from that other-crime evidence. The
mere admission of evidence that the defendant perpetrated
crimes not contained in the indictment without restricting
the jurors' use of that evidence to establish a criminal
disposition is a clear violation of *N.J.R.E.* 404(b). A
prosecutor's intent does not, in itself, prevent the jury
from drawing a criminal disposition inference from the
other-crime evidence on its own. Essentially, the jury was

6

deliberating on the fate of a murderer/drug distributor
when deciding his guilt or innocence on the crime for which
he stood trial: robbery while armed.

The State argues that even assuming that the court did
err in admitting evidence that the defendant was part of a
drug distribution ring, "said error was harmless in light
of the court's final jury charge, which, *inter alia*,
thoroughly instructed the jurors of the defendant's
entitlement to the presumption of innocence and the State's
burden of proving each element of the charged offense
beyond a reasonable doubt." (sb 26).  Repeated instructions
on the presumption of innocence and the State's burden of
proving each element of the offense beyond a reasonable
doubt did nothing to mitigate the prejudice to the
defendant.  The admission of evidence that the defendant
was involved in a drug distribution ring established a
criminal disposition that helped to rebut the presumption
of innocence and helped the State to meet its burden of
proof.  Instructing the jurors on the constitutional
standards and burdens that govern the trial did not, in any
way, prevent the jurors from drawing improper, adverse
inferences against the defendant as a result of the
improper admission of the other-crime evidence.  After
hearing evidence that the defendant was both a murderer and
a drug distributor, it is unclear how any juror could allow

7

him to walk out the courthouse doors a free person to resume his purported criminal lifestyle regardless of the paucity of the State's proofs.

Finally, any error is harmful in a situation in which the State's only evidence is the purchased testimony of a criminal whose sentence is reduced from life to eight years.

## POINT III

THE TRIAL COURT'S INSTRUCTIONS ON ROBBERY, ACCOMPLICE
LIABILITY, AND ACCOMPLICE/WITNESS TESTIMONY WERE DEFICIENT,
INCOMPLETE, ERRONEOUS, AND PREJUDICIAL

In the case at bar, the defendant was charged with robbery while armed, but only one of the two participants possessed a weapon.  Consequently, the jurors were compelled to find whether the defendant perpetrated a robbery while he was actually armed or whether he shared accomplice liability with a principal who was armed.  Under these circumstances, it was imperative that the trial court give the jurors the option of finding that the defendant was not armed and that he did not share the principal's intent to use or possess a firearm.

The State makes two arguments: first, counsel's failure to object indicates that the charge was proper; and second, trial counsel did not request a lesser-included instruction when given the opportunity.  The prosecutor contends that "It is also possible, if not probable, that defendant's counsel chose to do this for strategical reasons." (sb 31). The failure of trial counsel to object to the robbery instruction and to requesting a lesser-included instruction on armed robbery is indicative of deficient representation, not strategy.  In fact, the State's own brief highlights counsel's misunderstanding of the law of armed robbery in the context of accomplice

9

liability.  "Mr. GRIFFITH: Whether he was a participant.  I won't insult the jury by arguing there wasn't an armed robbery.  It's clear." (sb 30).

Obviously, trial counsel was not devising strategy but was misconstruing the law as justification for not requesting an instruction on the lesser-included offense. Just because there was an armed robbery does not mean in this case that the defendant is either guilty of armed robbery or not guilty.  The presence of a second participant and the fact that only one participant was armed with a weapon raises the issue that the unarmed accomplice might or might not have shared the principal's intent to possess and use that weapon during the commission of a robbery.  That should have been a jury question of fact based on complete and accurate instructions on the lesser-included offense of unarmed robbery and accomplice liability.

The State Supreme Court has made it clear that the trial court, not defense attorneys, decides whether to instruct on lesser-included offenses: "The judge is more than a referee between contestants.  He is the law's representative, and it is *his duty* to see that the will of the law is done." (Italics added).  *State v. Powell*, 84 *N.J.* 319 (1980).  In *State v. Choice*, 98 *N.J.* 295 (1985), the State High Court modified *Powell* and permitted defense

objection but only when the defense showed unfair surprise and prejudice. How unfair surprise and prejudice is demonstrated in a record where unfair surprise and prejudice had not even been discussed is not entirely clear.

Finally, the State contends that the absence of a witness/accomplice instruction was harmless error. (sb 39). The State argues that trial counsel raised the issue of Martinez's lack of credibility in his summation. Moreover, the trial court gave the jury a general instruction on witness credibility. (sb 38-39). Trial counsel's argument to the jury is a poor substitute for accurate and complete jury instructions. The jurors may disregard counsel's arguments, but they may not disregard the trial court's instructions. Furthermore, Martinez's credibility was the entire State's case. The defendant was entitled to have the jurors evaluate Martinez's testimony with caution as a result of his accomplice/witness status. (See DB 46-47). Once again, the State relies on a harmless error analysis, but there are just so many errors that can occur before they cease being harmless. If the State produced additional eyewitness testimony, forensic evidence, a confession, or any other corroborative evidence other than the testimony of a criminal who is given a reduction of sentence from life to eight years in exchange for his

11

testimony, the State might have a point.  On the basis of the State's proofs, however, no error reasonably can be deemed to be harmless.

## POINT IV

THE STATE'S SOLE RELIANCE UPON THE TESTIMONY OF A CRIMINAL
WHOSE SENTENCE WAS REDUCED FROM LIFE TO EIGHT YEARS AS
BARTER FOR HIS TESTIMONY VIOLATED THE DEFENDANT'S RIGHT TO
DUE PROCESS

In its respondent's brief, the State argues that it
"never requested Martinez to fabricate his testimony; nor
did it provide any incentives for him to do so." (sb 40).
Obviously, there was not only an incentive but a massive
incentive to fabricate testimony.  Martinez does not get
the benefit of a reduction of his sentence from a life term
to eight years without testifying against the defendant.

There was no allegation in the counsel's appellate
brief that the prosecutor knew that Martinez was testifying
falsely and worked out an arrangement to secure false
testimony knowingly.  Counsel's appellate brief did not
allege that any particular prosecutor is corrupt; rather,
it is the *process* of bartering liberty for evidence that is
corrupt.

**CONCLUSION**

For all of the foregoing reasons, the defendant submits that the judgment of conviction should be vacated and the matter should be remanded for a new trial.

Respectfully submitted,


Peter A. Garcia, Esq.
Acting Public Defender


Kevin G. Byrnes, Esq.
Designated Counsel

January 28, 2002

14

**:LEE A. SOLOMON**
*CAMDEN COUNTY PROSECUTOR*

**JAMES P. LYNCH**
*FIRST ASSISTANT PROSECUTOR*

**HAROLD KASSELMAN**
*DEPUTY FIRST ASSISTANT PROSECUTOR*

**THOMAS J. HEWES-EDDINGER**
*CHIEF OF INVESTIGATORS*



# Camden County
## OFFICE OF THE PROSECUTOR
*25 North Fifth Street*
*Camden, New Jersey 08102-1231*
*(609) 225-8400    Fax: (609) 963-0080*



*August 24, 1999*

Scott Griffith, Esquire
1600 Market Street
Philadelphia, Pa.  19103

      **RE:   STATE V. DANA TOKLEY**
              **INDICTMENT NOS. 83-1-99 & 246-1-99**

Dear Mr. Griffith:

     Please find enclosed the following discovery for the above defendant:

     1.    Criminal History of Jose Martinez.

     I will consider your request satisfied, unless I hear from you.

                Very truly yours,

                Michelle L. Corea
                Assistant Prosecutor

MLC:ms

Enc.

NEW JERSEY CRIMINAL HISTORY DETAILED RECORD          PAGE 001

USE OF THIS RECORD IS GOVERNED BY FEDERAL AND STATE REGULATIONS.  UNLESS
FINGERPRINTS ACCOMPANIED YOUR INQUIRY, THE STATE BUREAU OF IDENTIFICATION
CANNOT GUARANTEE THIS RECORD RELATES TO THE PERSON WHO IS THE SUBJECT OF YOUR
REQUEST. USE OF THIS RECORD SHALL BE LIMITED SOLELY TO THE AUTHORIZED PURPOSE
FOR WHICH IT WAS GIVEN AND IT SHALL NOT BE DISSEMINATED TO ANY UNAUTHORIZED
PERSONS. TO ELIMINATE A POSSIBLE DISSEMINATION VIOLATION AND TO COMPLY WITH
FUTURE EXPUNGEMENT ORDERS, THIS RECORD SHALL BE DESTROYED *IMMEDIATELY* AFTER
IT HAS SERVED ITS INTENDED AND AUTHORIZED PURPOSES. ANY PERSON VIOLATING
FEDERAL OR STATE REGULATIONS GOVERNING ACCESS TO CRIMINAL HISTORY RECORD
INFORMATION MAY BE SUBJECT TO CRIMINAL AND/OR CIVIL PENALTIES. THIS RECORD IS
CERTIFIED AS A TRUE COPY OF THE CRIMINAL HISTORY RECORD INFORMATION ON FILE FOR
THE ASSIGNED STATE IDENTIFICATION NUMBER.

STATE ID NO. 465486B     FBI NO.  88871JA0   DATE REQUESTED 08/20/1999
NAME: MARTINEZ, JOSE L.

```
SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR   BIRTH PLACE
M.    W      09/26/1969   603      180      BRO    BRO    NJ
```

RECEIVING AGENCY: NJ004023A    U.S. CITIZEN: YES

FPC: AAAA030504AAAATT0505       AFIS NO: 985134                    III: MULTI STATE

ALIAS NAMES/OTHER BIRTH DATES
MARTINEZ, JOSE                              09/09/1965
MARTINEZ, JOSE                              09/25/1965

SOCIAL SECURITY NUMBERS
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

SCARS/MARKS/TATTOOS/MISC NUMBERS
TATTOO LEFT HAND
TATTOO UPPER RIGHT A

CURRENT ADDRESS
101        E CAMDEN AVE            MOORESTOWN            NJ

                         PAGE TO FOLLOW

SBI: 465486B    RECEIVING AGENCY: NJ004023A    DATE: 08/20/1999    PAGE 002

***************************  ARREST 001  ***************************
ARRESTED 02/26/1988   AGENCY CASE NO: A2218805
        AGENCY: NJNSP0311    A-TACTICAL PATROL UNIT #1            BURLINGTON
        001 CNT   NJ2C20-7        POSSESS STOLEN VEH

INDICTMENT/ACCUSATION
NO: I447-88                         DISPOSITION DATE: 05/08/1990
AGENCY: NJ003013J                   BURLINGTON CO SUPERIOR CRT

DISPOSITION: GUILTY
   001 CNT: NJ2C20-7A        DEG: 0        RECEIV STOLEN PROP

```
AGGREGATE SENTENCE      DATE: 05/08/1990
        COURT: NJ003013J   BURLINGTON CO SUPERIOR CRT
        CONFINEMENT     3Y
  INCARCERATION: NEW JERSEY SP            JAIL TIME CREDIT  14D

****************************** ARREST 002 ******************************
ARRESTED 03/10/1988   AGENCY CASE NO: 68444
        AGENCY: NJ0160800   PATERSON PD                   PASSAIC
  001 CNT  NJ2C20-7        POSSES STOLEN PROP

SUMMONS/WARRANT
NO: S665533                     DISPOSITION DATE: 03/21/1988
AGENCY: NJ016071J               MUNICIPAL COURT PATERSON

DISPOSITION: GUILTY
  001 CNT: NJ2C20-10A      DEG:        UNAUTH USE OF VEH


DISPOSITION: GUILTY
  001 CNT: NJ2C29-1        DEG:        OBSTRUCT


DISPOSITION: GUILTY
  001 CNT: NJ2C29-2A       DEG:        RESISTING OFFICER


AGGREGATE SENTENCE      DATE: 03/21/1988
        COURT: NJ016071J   MUNICIPAL COURT PATERSON
        CONFINEMENT     30D
  INCARCERATION: PASSAIC CTY JAIL

****************************** ARREST 003 ******************************
ARRESTED 05/13/1988   AGENCY CASE NO: 68444
        AGENCY: NJ0160800   PATERSON PD                   PASSAIC
  001 CNT  NJ2C35-10A4      MARIJUANA-POSSESS
  001 CNT  NJ2C35-5A1       MARIJUANA
  001 CNT  NJ2C35-7         MARIJUANA

INDICTMENT/ACCUSATION
NO: I1069-88                    DISPOSITION DATE: 12/07/1989
AGENCY: NJ016013J               PASSAIC CO SUPERIOR COURT

DISPOSITION: GUILTY
  001 CNT: NJ2C35-7        DEG: 0      MARIJUANA


AGGREGATE SENTENCE      DATE: 12/07/1989
        COURT: NJ016013J   PASSAIC CO SUPERIOR COURT

                        PAGE TO FOLLOW

SBI: 465486B    RECEIVING AGENCY: NJ004023A    DATE: 08/20/1999   PAGE 003

        CONFINEMENT     364D
  INCARCERATION: PASSAIC CTY JAIL        PROBATION       5Y
        JAIL TIME CREDIT  24D

****************************** ARREST 004 ******************************
```

ARRESTED 03/19/1989   AGENCY CASE NO: M15786
```
            AGENCY: NJ0061400   VINELAND PD                    CUMBERLAND
    002 CNT  NJ2C12-1B        ASSLT
    001 CNT  NJ2C15-1         ROBBERY
    002 CNT  NJ2C17-1         ARSON
    005 CNT  NJ2C18-2         BURGL
    020 CNT  NJ2C20-3         LARC
    004 CNT  NJ2C20-7         RECEIV STOLEN PROP
    002 CNT  NJ2C39-3         CARRYING PROHIBITED
    002 CNT  NJ2C39-4         POSS WEAPON
    002 CNT  NJ2C39-5         POSS WEAPON
    003 CNT  NJ2C5-2          CONSPIRACY TO COMMIT
                              BURGL
```

INDICTMENT/ACCUSATION
NO: I488-89                    DISPOSITION DATE: 10/13/1989
AGENCY: NJ006033J              CUMBERLAND CO SUPERIOR COURT

DISPOSITION: GUILTY
    001 CNT: NJ2C12-1B2       DEG: 0        ASSLT


AGGREGATE SENTENCE      DATE: 10/13/1989
        COURT:  NJ006033J   CUMBERLAND CO SUPERIOR COURT
        CONFINEMENT      12Y
    INCARCERATION:  NEW JERSEY SP

INDICTMENT/ACCUSATION
NO: I597-89                    DISPOSITION DATE: 10/13/1989
AGENCY: NJ006033J              CUMBERLAND CO SUPERIOR COURT

DISPOSITION: GUILTY
    001 CNT: NJ2C18-2         DEG: 0        BURGL


AGGREGATE SENTENCE      DATE: 10/13/1989
        COURT:  NJ006033J   CUMBERLAND CO SUPERIOR COURT
        CONFINEMENT      5Y
    INCARCERATION:  NEW JERSEY SP

RECEIVED 11/15/1989   AGENCY CASE NO: 222636
        AGENCY: NJ011045C      NEW JERSEY STATE PRISON

*************************** ARREST 005 ****************************
ARRESTED 01/09/1997   AGENCY CASE NO: 52689
        AGENCY: NJ0040800   CAMDEN PD                      CAMDEN
OFFENSE DATE: 01/09/1997   VENUE: CAMDEN CITY
    001 CNT  2C:29-2         RESISTING ARREST

*************************** ARREST 006 ****************************
ARRESTED 05/31/1997   AGENCY CASE NO: 52689
        AGENCY: NJ0040800   CAMDEN PD                      CAMDEN
OFFENSE DATE: 04/01/1997   VENUE: CAMDEN CITY
    001 CNT  2C:11-3         MURDER

SUMMONS/WARRANT                PROMIS/GAVEL NO: CAM97003886-001

                        PAGE TO FOLLOW

SBI: 465486B   RECEIVING AGENCY: NJ004023A   DATE: 08/20/1999   PAGE 004

NO: W  19970057340408                    DISPOSITION DATE: 06/04/1999
AGENCY: NJ004071J                        MUNICIPAL COURT CAMDEN

DISPOSITION: DISMISSED
  001 CNT: 2C:11-3        DEG: 0            MURDER

INDICTMENT/ACCUSATION                    PROMIS/GAVEL NO: CAM97003886-001
NO: CAM980702390A                        DISPOSITION DATE: 07/20/1998
AGENCY: NJ004023J                        CAMDEN COUNTY SUPERIOR COURT

DISPOSITION: GUILTY               FELONY CONVICTION
  001 CNT: 2C:11-4A        DEG: 3          AGGRAVATED MANSLAUGHTER


AGGREGATE SENTENCE       DATE: 06/04/1999
        COURT: NJ004023J    CAMDEN COUNTY SUPERIOR COURT
        CONFINEMENT    20Y              PAROLE INELG TRM  8Y
   INCARCERATION: STATE PRISON          JAIL TIME CREDIT 794D
        AMOUNT ASSESSED $   3,874

******************** ******************** ********************* *******************
     CUSTODY STATUS (AS TRACKED WITHIN NJ DOC OBCIS SYSTEM):   2

INMATE NUMBER: P222636        STATUS DATE: 06/19/1997
STATUS: INMATE
LOCATION: RIVERFRONT........
PAROLE VIOLATIONS:   1        ESCAPES:    0      ISP: N

******************** ******************** ********************* *******************

                CRIMINAL HISTORY DIVERSION PROGRAM AND FELONY CONVICTION SUMMARY

                        PRE-TRIAL INTERVENTION   000
                        CONDITIONAL DISCHARGE:   000
                        FELONY CONVICTIONS:      001
                        VIOLATION OF PROBATION: 000


WHEN A MISSING DISPOSITION IS REQUIRED, DO NOT CONTACT THE STATE BUREAU
OF IDENTIFICATION(SBI). YOU MUST CONTACT THE AGENCY THAT FURNISHED THE
PENDING DATA TO THE SBI. SHOULD YOU HAVE INFORMATION REGARDING AN UPDATE
OR A CORRECTION TO THIS RECORD, PLEASE CONTACT THE SBI AT (609) 882-2000,
EXTENSION 2902 OR 2899.
                    END OF CCH RECORD

NCIC-35712 08/20/99 1021

  EL01HL3Z              7
NJ004103A
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/88871JA0. INDIVIDUAL'S RECORD WILL BE
COMPLETE WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
 PENNSYLVANIA    - STATE ID/PA24043509

AN ADDITIONAL RECORD MAY BE OBTAINED FROM FILES WITHIN YOUR STATE.
END

NLET-24241 08/20/99 1028

CR.PAIII0000
07:21 08/20/1999 02393
07:28 08/20/1999 03474 NJ004103A
TXT
HDR/2L01HL3Z      01037
ATN/MICHELLE COREA
THE FOLLOWING RECORD PERTAINS TO SID/PA24043509


SP4-137B

            PENNSYLVANIA STATE POLICE CENTRAL REPOSITORY

    1800 ELMERTON AVENUE HARRISBURG, PENNSYLVANIA  17110   717-787-9092


ATTN: MICHELLE COREA           ORI: NJ004103A

-----------------------------------------------------------------------
-------


   USE OF THE FOLLOWING CRIMINAL HISTORY RECORD FOR  *** SID/240-43-50-9 *
**
   REGULATED BY ACT 47, AS AMENDED.  *** III - MULTIPLE STATE OFFENDER ***

-----------------------------------------------------------------------
-------
DOB: 01/09/1965   SEX: M   RAC: B   SOC:            FBI: 88871JA0

-----------------------------------------------------------------------
-------
NAME: MARTINEZ,JOSE                OTN: M705226-4

ARRESTED: 06/14/1996   PAPEP0000 PHILADELPHIA PD                OCA: C8
27068

      CC2701   SIMPLE ASSAULT                    DISPOSITION UNREPOR
TED
      CC0907   POSSESSING INSTRUMENT OF CRIME

             - M1

      CC3925   RECEIVING STOLEN PROPERTY

      CC2702   AGGRAVATED ASSAULT

      CC0908   PROHIBITED OFFENSIVE WEAPONS

             - M1

      CC6106   FIREARM CARRIED W/O A LICENSE

             - M1

      CC6108   CARRYING FIREARMS IN PHILA - M1

      CC2705   RECKLESSLY ENDANGERING - M2

      CC0903   CRIMINAL CONSPIRACY

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
+++++++
F = FELONY, M = MISDEMEANOR, S = SUMMARY AND THE NUMERIC = THE DEGREE.


THIS RESPONSE IS BASED ON REQUESTER FURNISHED INFORMATION AND INCLUDES

FINGERPRINT SUPPORTED DATA EXCLUSIVELY FROM THE FILES OF THE PENNSYLVANI
A
STATE POLICE REPOSITORY.  IT DOES NOT PRECLUDE THE EXISTENCE OF OTHER

CRIMINAL RECORDS CONTAINED IN THE REPOSITORIES OF OTHER LOCAL, STATE OR

FEDERAL CRIMINAL JUSTICE AGENCIES.


END OF RECORD FOR SID 240-43-50-9