UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANA T. TOKLEY,

          Petitioner,

v.

MICHELLE RICCI, et al.,

          Respondents.

Civil Action No. 09-4546

**OPINION**

**MCNULTY, District Judge:**

The petitioner, Dana T. Tokley, is in custody as a result of a New Jersey state criminal conviction. He has filed a motion pursuant to Fed. R. Civ. P. 60(b) (the "Motion"), in which he seeks relief from the Court's January 20, 2012 denial of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons stated below, the Court denies the Motion.

### I.    FACTUAL BACKGROUND

The Hon. Katharine S. Hayden of this Court provided a comprehensive statement of the case in an opinion, dated January 20, 2012, in which she denied Tokley's petition for a writ of habeas corpus. (ECF No. 39, "Prior Opinion.") Familiarity with Judge Hayden's Prior Opinion is assumed; I provide only a brief summary of relevant facts here.

On April 3, 2000, Tokley was convicted, in a jury trial, of robbery and possession of a weapon for an unlawful purpose. (ECF No. 1 at 2.) On September 1, 2009, after exhausting his state court remedies, Tokley filed a federal habeas corpus petition with this Court. (ECF No. 1.) Pursuant to this Court's order, Respondents filed an Answer. (ECF Nos. 15, 20.) Tokley filed a Reply. (ECF No. 23.) With leave of the Court, Respondents filed a surreply. (ECF No. 28.)

On January 20, 2012, Judge Hayden issued the Prior Opinion and Order denying the Petition. The Court held that Tokley had not satisfied his burden of showing that the state court decision denying his petition for post-conviction relief was either contrary to clearly established federal law, an unreasonable application of clearly established federal law, or an unreasonable determination of the facts. *See* Prior Opinion at 9-24. Finding that reasonable jurists could disagree with her resolution of two of Tokley's claims, however, Judge Hayden granted a Certificate of Appealability as to those two grounds. *Id.* at 24-25.

On February 1, 2012, Tokley filed a Notice of Appeal, 3d Cir. Docket No. 12-1307. (ECF No. 41.) By judgment entered November 22, 2013, the United States Court of Appeals for the Third Circuit affirmed Judge Hayden's Prior Opinion and Order. (ECF No. 49.) On March 16, 2015, more than 15 months after the Third Circuit judgment, Tokley filed this Rule 60(b) motion. (ECF No. 51.) On June 16, 2015, the case was reassigned from Judge Hayden to me. (ECF No. 57.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" under certain circumstances. The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a

2

reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken.'" *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

> Grounds for relief from judgment under Rule 60(b) are:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Rule 60(b) grounds most pertinent to Tokley's Motion are subsections (5) and (6).

Rule 60(b)(5) addresses certain changed circumstances that affect the validity or fairness of a judgment. "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing such changed circumstances. *See id.*

Rule 60(b)(6) is a catch-all provision which provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." Relief will not be granted under Rule 60(b)(6) absent extraordinary and special circumstances. *See Pridgen v. Shannon*,

3

380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

### III. DISCUSSION

The Motion is not entirely clear, but I gather that Tokley is asserting that there has been a relevant change in the law. "Intervening changes in the law rarely justify relief from final judgments under 60(b)(6)," *Cox v. Horn*, 757 F.3d 113, 121-22 (3d Cir. 2014). "Rarely," however, does not mean "never"; in "extraordinary circumstances," such relief may be appropriate. *Id.* I therefore consider Tokley's assertion that, two months after the Prior Opinion and Order, the Supreme Court decided *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

Some background is required. In general, a procedural default in state court will bar federal collateral review of an issue, unless the default is excused by "cause and prejudice." One acceptable "cause" for procedural default is ineffective assistance of counsel in the criminal case. In general, however, a prisoner must take advantage of procedural opportunities in the criminal case or on direct appeal; ineffective assistance in post-conviction proceedings will not excuse a procedural default. *See Coleman v. Thompson*, 501 U. S. 722, 750 (1991).

That model, however, does not account for claims which, under State procedures, cannot be brought on direct appeal, and may only be brought in State post-conviction collateral proceedings. Most pertinently, certain States permit ineffective trial counsel claims to be brought only in State post-conviction collateral proceedings. In such an "initial-review collateral proceeding" State—New Jersey is one—the State collateral proceeding is not a second bite; it is the State court's first opportunity to consider an ineffective assistance claim. Hence *Martinez v. Ryan, supra.*

*Martinez*, decided shortly after the Prior Opinion in this case, held as follows: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. For a defendant in an "initial-review collateral proceeding" State (like New Jersey), post-conviction collateral review is the first, perhaps only, opportunity to assert the Sixth Amendment right to challenge the effectiveness of trial counsel. *Id.* at 1315. Parity suggests that such a defendant—just like a defendant in a *non*-initial-review collateral proceeding State—should be permitted to demonstrate that counsel's deficient performance sacrificed his or her only opportunity to assert a claim of ineffective assistance at trial. *Id.* at 1317-18. To put it another way, the rule of *Martinez* was "crafted ... to ensure that fundamental constitutional claims receive review by at least one court." *Cox*, 757 F.3d at 124.

All very well. Tokley's Motion, however, does not explain how *Martinez* might alter, or even apply to, his case. In New Jersey post-conviction-relief (PCR) proceedings, which included a three day evidentiary hearing, the State court considered and denied multiple claims of ineffective assistance of counsel at trial. In the Prior Opinion (ECF No. 39), Judge Hayden considered all of the ineffective assistance claims that Tokley chose to renew in his habeas petition. She denied them, but on the merits, not on the basis of procedural default. I will assume, however, that Tokley means to argue that *Martinez*, if it had been decided earlier, would have permitted him to make additional claims of ineffective assistance in his habeas petition. This Rule 60(b) motion must nevertheless be denied, for at least three reasons:

5

*First*, the Motion is barred because it was not made within a reasonable time. Rule 60(b) requires that motions on grounds (1), (2), or (3) be made within one year after the judgment being challenged. This Motion, however, appears to fall under ground (5) or ground (6). Thus it is subject only to the Rule's more general requirement that a motion be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). *See also Davenport v. Brooks*, No. 06-5070, 2014 WL 1413943, at *5 (E.D. Pa. Apr. 14, 2014) ("There is no specific time limit for filing motions pursuant to Rule 60(b)(5) and (b)(6). But, they must be filed within a 'reasonable time.'") (citations omitted). To determine whether a Rule 60(b)(5) motion is timely, a court will consider "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)). The general one-year limit remains a rule of thumb: "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007).

Applying those standards, I find that this Motion is untimely. *Martinez* was decided on March 20, 2012, just two months after the Court denied Tokley's habeas petition. This Rule 60(b) Motion, however, was not filed until March 16, 2015, nearly three years later. I might leniently disregard the time during which that Prior Opinion and Order were on appeal.[1] Even so, that leaves over 15 months unaccounted for. Tokley offers no reason, good or otherwise, for failing to file his Motion promptly after either (1) the *Martinez* decision or (2) the Third Circuit

---

[1] I say "leniently" because any relevant authority, including *Martinez*, could and should have been cited in Tokley's appellate brief. And he might have sought leave of the Court of Appeals, or a remand, to assert any claim newly authorized by *Martinez*.

6

affirmance. Accordingly, I find that the Motion was not filed within a reasonable time, and hence is untimely under rule 60(c)(1). *See United States ex rel. Pritsker v. Sodexho, Inc.*, 493 F. App'x 309, 312 (3d Cir. 2012) (holding that a two-year delay in filing a Rule 60(b)(6) motion was unreasonable); *Wilson-Simmons v. Compoli*, 42 F. App'x 754, 757 n.2 (6th Cir. 2002) (holding that a Rule 60(b)(5) motion, filed ten months after the movant became aware of the changed circumstances, was not filed within a reasonable time).

*Second*, even assuming *arguendo* that the Motion was timely, Tokley would still not be entitled to relief. The Third Circuit and other Courts of Appeals have held that *Martinez* does not apply retroactively. *See Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012); *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750-51 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1139-40 (9th Cir. 2012); *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014). Where a decision is non-retroactive as a matter of law, it makes little sense to cite it as a "changed circumstance" that permits relief.

*Third*, even if I were to consider the merits of Tokley's claim under *Martinez*, I would be bound to deny it. The Third Circuit has held that "the jurisprudential change rendered by *Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief." *Cox*, 757 F.3d at 124. Other strong "equitable" factors must be present. Tokley fails to identify any such compelling equitable considerations.

To begin with, Tokley's Motion fails to assert any error of consequence. That is, he fails to identify any claim that was barred under the pre-*Martinez* regime, but would now be viable post-*Martinez*. *Martinez*, remember, holds only that post-conviction counsel's negligent failure to raise an ineffective assistance claim (or the complete absence of post-conviction counsel) may constitute "cause" that excuses procedural default. 132 S.Ct. at 1319. The Prior Opinion and

7

Order do not bar any claim based on procedural default. The current Motion lists eleven claims of ineffective assistance of trial and appellate counsel. All eleven were raised in State PCR proceedings. (*See* ECF No. 20-33 at 4-6.) Thus there is no procedural default that requires a *Martinez*-based excuse. At any rate, the Motion does not explain how ineffective assistance caused any claim to be raised incompetently, or not at all, on collateral review.

Nor can Tokley be asserting any direct claim based on the alleged negligence of post-conviction counsel. He possesses no such ineffective-assistance claim, because there is no constitutional right to effective post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

Nor is this a case where the defendant's ineffective assistance claims "were never considered." *Cox*, 757 F.3d at 124. On the contrary, as pointed out above, those claims were considered, in whole or in part, in State PCR proceedings, in Judge Hayden's federal habeas opinion (ECF 39 at pp. 9-20), and on appeal to the Third Circuit (ECF 48).

Nor are there any special circumstances, such as a Court's duty to "treat with particular care claims raised in capital cases." *Cox*, 757 F.3d at 126. Although Tokley is serving a very significant sentence of imprisonment, this is not a capital case.

In sum, Tokley has not stated valid grounds for relief under Rule 60(b).

## IV. CONCLUSION

For the reasons set forth above, Tokley's Motion for relief from judgment under Rule 60(b), Fed. R. Civ. P., is **DENIED**.

Kevin McNulty, U.S.D.J.

Dated: June 23, 2015