UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA T. TOKLEY, | |
| Petitioner, | Civ. No. 09-4546 (KM) |
| v. | |
| MICHELLE RICCI et al., | OPINION |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner pro se, Dana T. Tokley, is a state prisoner who brought this habeas proceeding under 28 U.S.C. § 2254. On March 30, 2017, I filed an order and opinion (ECF Nos. 69, 70) denying Mr. Tokley's motion under Federal Rule of Civil Procedure 60(b) (his second) for an evidentiary hearing seeking relief from the Court's denial of habeas relief in 2012. Now before the Court is another application (ECF No. 71), which I construe as a motion for reconsideration of my March 30, 2017 decision. For the reasons stated below, that motion will be denied.

## II. BACKGROUND

In 2000, a jury convicted Mr. Tokley of first-degree armed robbery and second-degree possession of a firearm for an unlawful purpose. In September 2009, Mr. Tokley filed his petition for a writ of habeas corpus. On January 20, 2012, District Judge Katharine S. Hayden issued an opinion and order denying Mr. Tokley's habeas petition. (ECF Nos. 39, 40.) Judge Hayden certified two issues for appeal. On October 16, 2013, her decision was affirmed by the U.S. Court of Appeals for the Third Circuit. (ECF Nos. 48, 49)

In 2015, Mr. Tokley filed a motion seeking relief from Judge Hayden's habeas denial under Federal Rule of Civil Procedure 60(b). (ECF No. 51.) On June 23, 2015, I denied this motion as untimely and also unmeritorious. (ECF No. 58.)

In the meantime, Mr. Tokley filed a second application under Rule 60(b)(2) for an evidentiary hearing to consider newly discovered evidence which, in his view, undermined the reliability of his conviction. (ECF No. 56.) The background is that Jose Martinez, the cooperating witness who identified Mr. Tokley as a perpetrator of the underlying robbery, admitted at trial that he hated Tokely because, among other things, Tokely had "influenced" Elliott Rosario to kill someone, who turned out to be the "wrong guy." (Rosario, too, was subsequently killed.)[1] (*Id.*; ECF No. 56-1; ECF no.48 at 2) Mr. Tokley asserted that there was "newly discover[ed] evidence," namely that someone other than Rosario (Juan Rivera-Velez) had been charged and convicted of the murder of Miguel Batista murder in 2009. (ECF No. 56.) The implication is that Batista was the "wrong guy" referred to in the testimony.

In an opinion and order issued March 30, 2017, I found that the application constituted an unauthorized second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). (ECF No. 69, at 5–6.) I declined to transfer the motion to the Court of Appeals for treatment as a request to file a second or successive petition. The alleged newly discovered evidence, I wrote, "was available to [Mr. Tokley] during the pendency of his habeas petition." (*Id.* at 6 n.1.) I noted, however, that Mr. Tokley on his own "remain[ed] free to seek authorization to file a second or successive habeas petition from the Third Circuit." (*Id.*)

---

[1] As discussed in Judge Hayden's opinion denying the habeas petition, the trial judge gave jury instructions severely limiting the uses to which such testimony could be put, to which neither side objected. (*See* ECF No. 39 at 2–4.) These statements were also raised upon Mr. Tokley's unsuccessful appeal of the trial verdict. (*See id.* at 4.)

2

Even if the Court had jurisdiction to consider Mr. Tokley's successive application, I noted, it would be untimely under Rule 60(b)(2), because it was filed more than a year after the entry of judgment. (*Id.* at 6.) I additionally noted that this "newly discovered evidence" could not constitute extraordinary circumstances to justify the late raising of a Rule 60(b)(6) argument. Tokley's September 2009 habeas petition, I wrote, directly alluded to the fact that Rivera-Velez had been charged with Batista's murder. (*Id.* at 6–7; *see also* App. for Habeas Corpus, ECF No. 5, at 19 (citing 06-cr-445 (United States v. Rivera-Velez).)

Mr. Tokley then filed another application, which I construe as an application for reconsideration of my March 30, 2017 opinion and order. (ECF No. 71.) Reading his application liberally, it contains an argument that my March 30 decision misconstrued the issue. The information that Rivera-Velez was *charged* with the murder was available to him in September 2009 and indeed was cited in the habeas petition. What is "new" arises from events that occurred two months later; the "newly discovered evidence" may be that Rivera-Velez was *convicted* of the Batista murder in November 2009. (*Id.*)[2] I will therefore consider whether the omission of that information from my earlier opinion merits reconsideration.

### III. STANDARD OF REVIEW

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration

---

[2] A review of this Court's docket in United States v. Rivera Velez, 06-cr-445 (ECF no. 159) reveals that the jury verdict was indeed returned on November 19, 2009.

Mr. Tokley contends that, although his attorney attempted to raise the Rivera-Velez issue (*see* ECF no. 23), it could not succeed because it had not been exhausted in state court. (*Id.*; *see also* ECF no. 25-3 (surreply of County Prosecutor)). There was no ruling by Judge Hayden to that effect, however.

3

must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as an opportunity to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

This high standard for reconsideration, however, is not critical in this case. I have reexamined the issues posed by Mr. Tokely and determined that it would not alter the basis for my prior decision.

## IV. DISCUSSION

I dispose of this motion, as I did the earlier one, as a matter of law, based on the procedural history and undisputed facts of record. There is no need for an evidentiary hearing.

The threshold justification for my March 30, 2017 denial of Mr. Tokley's Rule 60 was that it constituted an unauthorized second or successive challenge to his underlying conviction. *See* 28 U.S.C. § 2244. This Court therefore lacked the statutory authority to consider it. (ECF No. 69 at 5–6.) The matters raised here—concerning the precise timing of the prosecution or conviction for the Batista murder during the Fall of 2009—have no bearing on that finding.[3] As

---

[3] To the extent a Rule 60 motion addresses the substantive grounds for overturning a conviction, *i.e.*, the merits of habeas relief, it will be considered a second or successive habeas petition, requiring preauthorization from the Court of Appeals. A motion directed to procedural matters, however, will not. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005) (distinguishing merits-based Rule 60 motion from one to reconsider a ruling that a habeas petition was untimely under the one-year statute of limitations). This motion surely seeks to overturn Mr. Tokley's conviction. To the extent it may involve

4

an alternative route to potential relief, my earlier opinion invited Mr. Tokley to seek authorization for a second or successive petition from the Court of Appeals. (ECF No. 69 at 5–6 n.1.) His papers contain no indication that he has done so.

Setting aside the "successive petition" issue, a second, alternative justification for my denial of the application was that, regarded as a motion under Rule 60(b)(2), it was untimely under the one-year deadline. (*See id.* at 6.) As noted above, Mr. Tokley's September 2009 habeas petition states that Rivera-Velez had been indicted for the Batista murder, and he was convicted in November 2009. The two-month discrepancy between September and November 2009 would not undermine my earlier ruling that this motion, viewed as one under Rule 60(b)(2) was untimely. Either way, it was filed well outside the one year deadline, in 2015.

That leaves Rule 60(b)(6). As I wrote in my March 30, 2017 opinion, that catch-all rule contains no limitations period, but a Rule 60(b)(6) motion must still be brought within a reasonable time.[4] Analyzing the issue, I found no "extraordinary" circumstance that would excuse Mr. Tokley's delay of many years in asserting a claim based on this "newly discovered

---

procedural issues, however, I note that I have in the alternative bypassed the "successive petition" hurdle and considered the merits of the Rule 60 motion. *See infra.*

[4] I summarized the law governing timeliness of a Rule 60(b)(6) motion thus:

> Rule 60(b)(6) "is a catch all provision that authorizes a court to grant relief from a final judgment for 'any... reason' other than those listed elsewhere in the rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). Unlike Rule 60(b)(2), Rule 60(b)(6) does not contain a limitations period, but requires that the party file the motion "within a reasonable time." See Fed. R. Civ. P. 60(c); *see also Davenport v. Brooks*, No. 06—5070, 2014 WL 1413943, at *5 (E.D. Pa. Apr. 14, 2014) ("There is no specific time limit for filing motions pursuant to Rule 60... (b)(6). But, they must be filed within a 'reasonable time.'") Nevertheless, the general one-year limit remains a rule of thumb: "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007). Such "extraordinary circumstances" will "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

(ECF No. 69 at 6–7)

5

evidence." His current motion disputes my reasoning, and may also be read as an argument for a "need to correct a clear error of . . . fact." *Max's Seafood Cafe*, 176 F.3d at 677. I find no such error, however.

There are no extraordinary circumstances alleged here. Mr. Tokley knew of the other criminal case, and cited it in his habeas petition. He states that his attorney knew of the outcome of the case, *i.e.*, Mr. Rivera-Velez's conviction, at or about the time it happened, in November 2009, and it is referred to elsewhere on the docket. (ECF No. 71; *see supra.*) I held that Mr. Tokley had failed to raise this claim timely, taking September 2009 as my starting date. In doing so, I wrote that the "newly discovered evidence" was not truly new because Mr. Tokley "explicitly alluded to the fact that someone else had been charged with the murder of Miguel Batista in his [September] 2009 habeas petition." (*Id.* at 6–7.)[5] But this is not a close case in which two months would make a difference. Taking November 2009 rather than September 2009 as a starting date does not undermine my ruling as to the timeliness of the motion, even if it is viewed as one under Rule 60(b)(6).

Accordingly, Mr. Tokley has not shown that my prior decision was premised on a mistake of fact. Nor has he established any other basis for an award, many years after the fact, of the "extraordinary remedy" under Rule 60(b)(6). *See Buzz Bee Toys*, 20 F. Supp. 3d at 515.

V. **CONCLUSION**

This application was, and remains, a second or successive application under 28 U.S.C. § 2244. Irrespective of the merits, and irrespective of the reasons for delay in raising these

---

[5] I also noted that information regarding the Batista murder had long been available to Mr. Tokley when I found that the interests of justice did not support transferring his motion to the Court of Appeals for consideration as a request to file a second or successive habeas petition. (*Id.* at 6 n.1.)

grounds, this application would require pre-authorization from the U.S. Court of Appeals for the Third Circuit.

Stepping back and considering only the narrow issue of reconsideration, this evidence of course is not "newly discovered" in relation to my prior opinion and order in March 2017. Nor, for the reasons expressed in my prior opinion and this one, was this evidence "newly discovered" in relation to Judge Hayden's denial of habeas relief in 2012. It occurred, and was known to the defendant and his counsel, in late 2009. My opinion of March 30, 2017, did not rest on a mistaken impression that, when Mr. Tokley filed his petition in September 2009, he should have known in advance about events in November 2009. The larger point is that he surely possessed the relevant information at the very early stages of his habeas proceeding—long before his petition had even been answered, and years before Judge Hayden ruled on it in 2012. Thereafter, he possessed this information for another three years before raising it in his 2015 Rule 60 motion.

For the foregoing reasons, Mr. Tokley's application (ECF No. 71) for reconsideration of my denial of his application for relief under Rule 60(b) and an evidentiary hearing regarding the same will be denied. An appropriate order will be entered.

DATED: January 12, 2018

KEVIN MCNULTY
United States District Judge